## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **BAWI LAL,** | § | |
| **Plaintiff,** | § | |
| | § | |
| *v.* | § | **CIVIL ACTION** |
| | § | **1:18-cv-104** |
| **KIRSTJEN NIELSON, Secretary of** | § | |
| **Department of Homeland Security;** | § | **PLAINTIFF'S COMPLAINT** |
| **LEE FRANCIS CISSNA, Director, U.S.** | § | **FOR INJUNCTIVE AND** |
| **Citizenship and Immigration Services (USCIS);** | § | **MANDAMUS RELIEF** |
| **NORMA LIMON, Field Office Director,** | § | |
| **Harlingen Field Office, U.S. Citizenship and** | § | |
| **Immigration Services (USCIS); and** | § | |
| **the UNITED STATES OF AMERICA,** | § | |
| **Defendants.** | § | |
| | § | |

Plaintiff, by and through his attorney, complains of the Defendants, alleging as follows:

## I. INTRODUCTION

Plaintiff, Bawi Lal, is a native and citizen of Myanmar (formerly Burma). He became a Lawful Permanent Resident ("LPR") on March 11, 2010. On or about February 15, 2015, Plaintiff filed an Application for Naturalization with U.S. Citizenship and Immigration Services ("USCIS"). *See Exhibit A (sealed), Doc. 1.* As required by this application, Plaintiff appeared for a biometrics appointment on February 19, 2016, and was duly fingerprinted and photographed. *Ex. A, Doc. 2.* On or about February 29, 2016, USCIS sent a notice to Plaintiff to appear for an interview in relation to his Application for Naturalization on April 5, 2016. *Ex. A, Doc. 3.* Having successfully passed the exams and the interview, Plaintiff was scheduled to appear for an Oath Ceremony on May 4,

2016.  This Oath Ceremony was descheduled "due to unforeseen [and unexplained] circumstances" *via* a telephone call on the eve of the ceremony, followed by a notice of same dated May 5, 2016. *Ex. A, Doc. 4.*  Numerous requests and inquiries as to the status of this application have been to no avail.  The Naturalization Application to date has not been adjudicated.  On July 18, 2017, since his Application for Naturalization had been pending for so long, Plaintiff applied for a Travel Document.  *Ex. A, Doc. 5.*  To date, no action has been taken on that application beyond acknowledgment that Plaintiff paid the biometrics fee.  *Ex. A, Doc. 6.*

## II.  PARTIES

1.    The Plaintiff is a Lawful Permanent Resident.  He filed an Application for Naturalization on or about February 15, 2015 with the USCIS lockbox in Dallas, Texas.

2.    Defendant Kirstjen Nielson is the Secretary of the Department of Homeland Security.  Defendant is sued in her official capacity only.  Defendant Nielson is responsible for the administration of the Department of Homeland Security and the ultimate adjudication of Applications for Naturalization.

3.    Defendant Lee Francis Cissna is the Director of USCIS and is sued in his official capacity only.  Defendant Cissna is charged with the management of USCIS and the ultimate adjudication of Applications for Naturalization.

4.    Defendant Norma Limon is the Field Office Director of the Harlingen Field Office of USCIS and is sued in her official capacity only.  Defendant Limon is charged with the management of day-to-day operations of the Harlingen Field Office and is the ultimate adjudicator of Applications for Naturalization in the Harlingen Field Office.

### III.   JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346(a)(2), since the matter

in controversy arises under the Constitution and laws of the United States and the United

States is a Defendant.  This Court also has jurisdiction over the present action under 28

U.S.C. § 2201 (the Declaratory Judgment Act); 5 U.S.C. § 702 *et seq*. (the Administrative

Procedure Act); 28 U.S.C. § 1361 (regarding an action to compel an officer of the United

States to perform his or her duty); and 28 U.S.C. § 1651 (relating to the issuance of writs).

6.      Venue is proper in this District under 28 U.S.C. § 1391(e), because a substantial part of the

events and omissions giving rise to the claim occurred in Cameron County, Texas, within the

jurisdiction of this Court, and because Defendants operate within this district.


### IV.   RELEVANT FACTS AND BACKGROUND

7.      On or about February 15, 2015, Plaintiff filed an Application for Naturalization with U.S.

Citizenship and Immigration Services ("USCIS").  *Ex. A, Doc. 1.*

8.      As required by this application, Plaintiff appeared for a biometrics appointment on February

19, 2016, and was duly fingerprinted and photographed.  *Ex. A, Doc. 2.*

9.      On or about February 29, 2016, USCIS sent a notice to Plaintiff to appear for an interview

in relation to his Application for Naturalization on April 5, 2016.  *Ex. A, Doc. 3.*

10.     Having successfully passed the exams and the interview, Plaintiff was scheduled to appear

for an Oath Ceremony on May 4, 2016.  This Oath Ceremony was descheduled "due to

unforeseen [and unexplained] circumstances" *via* a telephone call on the eve of the

ceremony, followed by a notice of same dated May 5, 2016.  *Ex. A, Doc. 4.*

11.     Plaintiff has submitted inquiries to Defendant about the status of his Application for

Naturalization for the past two years, and has also sought the help of his Congressional Representative to obtain information. *See, Ex. A, Docs. 7-11.* Responses to these inquiries have been vague, "template responses." The application remains pending almost three and one-half years after it was filed.

12.     Defendants have never indicated any reason for the delay, nor have they indicated when a decision would be made on the Application for Naturalization.

13.     Plaintiff believes and observes that his initial Application for Naturalization has been pending for over forty (40) months and Defendants have done nothing to move the application towards a final decision, following an interview wherein Plaintiff was told he had "passed" and an Oath Ceremony would be scheduled. The Oath Ceremony was scheduled for May 4, 2016, but then descheduled *via* a telephone call on the eve of the ceremony, followed by a notice dated May 5, 2016.

14.     The Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accord with the law and regulations.

15.     The Defendants have denied the Plaintiff the opportunity to travel freely to and from the United States by their refusal, first, to adjudicate his application for Naturalization, and subsequently to adjudicate his application for a Travel Document (I-131).

16.     The Plaintiff has suffered great damage by the Defendants' failure to act in accordance with their duties under the law and regulations.

17.     The Plaintiff has exhausted all administrative remedies available to him.

18.     The Defendants, in violation of the law and regulations, are unlawfully withholding or unreasonably delaying action on the Plaintiff's application and have failed to carry out the adjudicative duties and administrative functions delegated to them respectively by law with

regard to Plaintiff's application.

## V.    CAUSES OF ACTION

### A.    FIRST CAUSE OF ACTION

19.    Plaintiff incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 - 18 above.

20.    Defendants' failure to adjudicate and approve again Plaintiff's Application for Naturalization constitutes an unreasonable failure to act in violation of the Administrative Procedure Act and denies Plaintiff due process and equal protection of the laws guaranteed by the Fifth Amendment of the United States Constitution.

### B.    SECOND CAUSE OF ACTION

21.    Plaintiff incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 - 20 above.

22.    Defendants' refusal to adjudicate the Application for Naturalization violates the Administrative Procedure Act and the Constitution.  Plaintiff has an unambiguous right to the relief requested.  Defendants have a clear duty pursuant to the Administrative Procedure Act to adjudicate Plaintiff's Application for Naturalization.  There is no other adequate remedy available.

### VI.    PRAYER FOR RELIEF

The Plaintiff requests that the Court grant the following relief:

(A)    Order the Defendants to adjudicate Plaintiff's Application for Naturalization on or before sixty (60) days from the filing of this complaint, or within a

reasonable period of time determined by this Court;

(B)    Retain jurisdiction during the adjudication of the Application for

Naturalization in order to insure compliance with the Court's order;

(C)    Award reasonable costs and attorney fees; and

(D)    Grant such other relief as the Court may deem just and proper.

Respectfully submitted June 28, 2018,

*s// Cathy J. Potter*

Cathy J. Potter
Lead Attorney for Plaintiff
Pennsylvania Bar 210071
Federal I.D. 1060322

Law Firm of Cathy J Potter PLLC
203 South Commerce Street
Harlingen, Texas 78550
(956) 622-3011 Telephone
(956) 622-3017 Fax
cpotter@cathypotterlaw.com